## A. HUMPHREY v. THE STATE.

### No. 4540.    Decided February 17, 1909.

**Aggravated Assault—Evidence—Res Gestae—Self-Serving.**

Upon trial for assault with intent to murder, where the defense was that the defendant did not attempt to shoot prosecuting witness, but that he merely shot to frighten him, and it appeared that this declaration was made to the witness by defendant within a few moments after the shooting, it was reversible error to refuse the testimony of this witness and defendant's own testimony with reference to this declaration. This was res gestae, although it was self-serving.

Appeal from the Criminal District Court of Dallas. Tried below before the Hon. W. W. Nelms.

Appeal from a conviction of aggravated assault; penalty, a fine of $100 and thirty days' confinement in the county jail.

The opinion states the case.

No brief on file for appellant.

*F. J. McCord,* Assistant Attorney-General, for the State.

BROOKS, JUDGE.—Appellant was convicted of aggravated assault and his punishment assessed at a fine of $100 and thirty days in jail.

Bill of exceptions No. 2 shows the following: The court refused to permit the defendant to prove by the witness Bellafant the declaration and statement made by the defendant to said witness after the shooting as to why he shot. Said witness Bellafant testified that he was on the corner of Camp and Griffin Streets, the saloon of the defendant being on the opposite corner, and the said door where the shooting took place being about two thirds the length of the building down on Griffin Street, making about one hundred and fifty feet from the place where said witness was standing. Said witness stating that he rushed over to the place as fast as he could go and that when he got into the house that the smoke of the shot from the pistol was still in the house. That he went up to the defendant, and then and there under those circumstances defendant stated to him why he did shoot. If permitted to have elicited an answer from the said witness to the question asked, the defendant would have been able to have shown that he told the said Bellafant that the prosecuting witness Weaver was advancing upon him with an open knife and that he fired up in the air to frighten him and stop him, and that he did not try nor want to shoot him, appellant insisting the testimony was res gestae. The bill also shows the court refused to permit appellant to testify to making the statement to said Bellafant. This was error. The testimony, though self-serving was res gestae under all the rules of this court, and the

court should have permitted the testimony to go to the jury. Appellant's defense in this case was that he did not attempt to shoot prosecuting witness Weaver, but he merely shot to frighten him. This declaration was made within a few moments after the shooting to the witness as stated above, and appellant offered to swear to save himself. This being true, the court clearly erred in not admitting the testimony.

For the error pointed out, the judgment is reversed and the cause is remanded.

*Reversed and remanded.*